IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Jesse Lee Gregory #33885-132519,   )    Case No.: 4:25-cv-12982-JD-TER
                           )
              Plaintiff,   )
                           )
vs.                          )
                           )    ORDER
Sgt. O. Thomas, Lt. P. Hare,   )
Major Singulton,               )
              Defendants.   )
                           )

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 14), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) of the District of South Carolina, concerning the initial review of Plaintiff Jesse Lee Gregory #33885-132519's ("Plaintiff") pro se Amended Complaint (DE 10).[1] (DE 10.)

A.    Background

The Report sets forth the relevant facts and applicable legal standards, which the Court incorporates herein by reference. In brief, Plaintiff, a pretrial detainee proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff asserts, among other things, that Defendants Sgt. O. Thomas, Lt. P. Hare and Major Singleton (collectively "Defendants"), bullied him by placing him in lockdown without disciplinary charges,

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

confiscating his canteen and tablet, and repeatedly denying restoration of his privileges despite setting dates for their return. (DE 10.)

Upon initial review, the Magistrate Judge issued an Order advising Plaintiff that his Complaint was subject to summary dismissal because he sued Defendants in their official capacities only and sought monetary relief, which is barred by the Eleventh Amendment. (DE 7.) Plaintiff was afforded an opportunity to amend his pleading to cure the identified deficiencies. Plaintiff thereafter filed an Amended Complaint; however, he again sued Defendants in their official capacities only and continued to seek monetary damages and other unavailable relief. (DE 10.)

B.     Report and Recommendation

On November 14, 2025, the Magistrate Judge issued the Report recommending that Plaintiff's Amended Complaint be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A and without issuance and service of process. (DE 7.)

As set forth in the Report, the Magistrate Judge concluded that Plaintiff again sued Defendants solely in their official capacities and sought monetary damages, relief barred by the Eleventh Amendment. The Report further explained that state officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983 and are immune from suit for monetary damages in federal court absent consent, which has not been given. The Magistrate Judge noted that Plaintiff had previously been advised of this deficiency and afforded an opportunity to amend, but failed to cure the defect in his Amended Complaint.

Accordingly, the Report recommends dismissal of the action without prejudice and without issuance and service of process.

C.     Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

D.     Absence of Objections

The Report advised the parties of their right to file specific written objections within the time provided by law. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a de novo review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

E.     Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no error. The Court, therefore, adopts the Report (DE 14) and incorporates it herein by reference.

It is, therefore, ORDERED that this action is DISMISSED WITHOUT PREJUDICE and without issuance and without service of process.

IT IS SO ORDERED.

Florence, South Carolina
February 18, 2026

Joseph Dawson, III
United States District Judge

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.